IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RENESAS TECHNOLOGY CORP., <br><br> Plaintiff, <br><br> v. <br><br> SAMSUNG ELECTRONICS CO. LTD., and SAMSUNG ELECTRONICS AMERICA, INC., <br><br> Defendants. | C.A. No. 07-54 (JJF) <br><br> **JURY TRIAL DEMANDED** |

## ANSWER TO FIRST AMENDED COMPLAINT

Defendants, Samsung Electronics Co. Ltd. ("SEC") and Samsung Electronics America, Inc. ("SEA") (collectively, "Defendants" or "Samsung"), by their undersigned attorneys, submit this Answer to the First Amended Complaint of Renesas Technology Corp. ("Renesas"), and state as follows. Pleadings or facts not expressly admitted are denied:

### Nature of the Action

1. Samsung denies the allegations of paragraph 1 of the Complaint.

### The Parties

2. Upon information and belief, Samsung admits the allegation that Renesas is incorporated under the laws of Japan with its principal place of business at Marunouchi Building, 4-1 Marunouchi 2-chome, Chiyoda-ku, Tokyo 100-6334.

3. Samsung admits the allegations of paragraph 3 of the Complaint.

### Jurisdiction and Venue

4. Samsung admits that this court has subject matter jurisdiction over cases filed under 28 U.S.C. §§ 1331 and 1338(a).

5. Samsung denies the allegations of paragraph 5 of the Complaint.

6. Samsung denies the allegations of paragraph 6 of the Complaint.

**The Patents in Suit**

7.      Samsung admits that the first page of the '092 patent lists an issue date of September 12, 2006, reflects a title of "Semiconductor Device With Bus Terminating Function," lists Takashi Kubo as inventor, and lists Renesas as assignee.  Samsung admits the allegation that what purports to be a copy of the '092 patent is attached as Exhibit A to the Complaint.  Samsung is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 7 of the Complaint, and, therefore, denies those allegations.

8.      Samsung admits that the first page of the '620 patent lists an issue date of August 15, 2006, reflects a title of "Semiconductor Device and Manufacturing Method Thereof," lists Chuichi Miyazaki, Yukiharu Akiyama, Masnori Shibamoto, Tomoaki Kudaishi, Ichiro Anjoh, Kunihiko Nishi, Asao Nishimura, Hideki Tanaka, Ryosuke Kimoto, Kunihiro Tsubosaki, Akio Hasebe, Takehiro Ohnishi, Noriou Shimada, Shuji Eguchi, Hiroshi Koyama, Akira Nagai, and Masahiko Ogino as inventors, and lists Renesas as an assignee of the '620 patent.  Samsung admits the allegation that what purports to be a copy of the '620 patent is attached as Exhibit B to the Complaint.  Samsung is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 8 of the Complaint, and, therefore, denies those allegations.

9.      Samsung admits that the first page of the '870 patent lists an issue date of January 16, 2007, reflects a title of "Semiconductor Integrated Circuit Device," lists Yasushi Koubuchi, Koichi Nagasawa, Masahiro Moniwa, Youhei Yamada, and Toshifumi Takeda as inventors, and lists Renesas as assignee of the '870 patent.  Samsung admits the allegation that what purports to be a copy of the '870 patent is attached as Exhibit C to the Complaint.  Samsung is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 9 of the Complaint, and, therefore, denies those allegations.

10. Samsung admits that the first page of the '039 patent lists an issue date of March 6, 2007, reflects a title of "Semiconductor Integrated Circuit Device," lists Yasushi Koubuchi, Koichi Nagasawa, Masahiro Moniwa, Youhei Yamada, and Toshifumi Takeda as inventors, and lists Renesas as assignee of the '039 patent. Samsung admits the allegation that what purports to be a copy of the '039 patent is attached as Exhibit D to the Complaint. Samsung is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 10 of the Complaint, and, therefore, denies those allegations.

### Count I:  Infringement of the '092 Patent

11. Samsung realleges and incorporates by reference its responses to paragraphs 1-10 of the Complaint.

12. Samsung denies the allegations of paragraph 12 of the Complaint.

13. Samsung denies the allegations of paragraph 13 of the Complaint.

14. Samsung denies the allegations of paragraph 14 of the Complaint.

15. Samsung denies the allegations of paragraph 15 of the Complaint.

### Count II:  Infringement of the '620 Patent

16. Samsung realleges and incorporates by reference its responses to paragraphs 1-15 of the Complaint.

17. Samsung denies the allegations of paragraph 17 of the Complaint.

18. Samsung denies the allegations of paragraph 18 of the Complaint.

19. Samsung denies the allegations of paragraph 19 of the Complaint.

20. Samsung denies the allegations of paragraph 20 of the Complaint.

### Count III:  Infringement of the '870 Patent

21. Samsung realleges and incorporates by reference its responses to paragraphs 1-20 of the Complaint.

22. Samsung denies the allegations of paragraph 22 of the Complaint.

23. Samsung denies the allegations of paragraph 23 of the Complaint.

24. Samsung denies the allegations of paragraph 24 of the Complaint.

25. Samsung denies the allegations of paragraph 25 of the Complaint.

### Count IV:  Infringement of the '039 Patent

26. Samsung realleges and incorporates by reference its responses to paragraphs 1-25 of the Complaint.

27. Samsung denies the allegations of paragraph 27 of the Complaint.

28. Samsung denies the allegations of paragraph 28 of the Complaint.

29. Samsung denies the allegations of paragraph 29 of the Complaint.

30. Samsung denies the allegations of paragraph 30 of the Complaint.

### Reply to Prayer for Relief

31. The Complaint contains a prayer for relief to which no responsive pleading is required. To the extent a response is deemed necessary, Samsung denies that Renesas is entitled to any relief whatsoever.

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

(Noninfringement)

32. Samsung has not directly infringed, indirectly infringed, contributed to or induced infringement of any valid or enforceable claim of the patents-in-suit, and has not otherwise committed any acts in violation of 35 U.S.C. § 271.

### SECOND AFFIRMATIVE DEFENSE

(Invalidity)

33. The patents-in-suit are invalid because they each fail to comply with the requirements of 35 U.S.C. § 101 et seq., including, without limitation §§ 102, 103, and/or 112.

### THIRD AFFIRMATIVE DEFENSE

(Express and/or Implied License)

34. Renesas' claims are barred in whole or in part pursuant to an express and/or implied license.

### FOURTH AFFIRMATIVE DEFENSE

(Unenforceability – Equitable Estoppel)

35. Renesas is barred in whole or in part by the doctrine of equitable estoppel from enforcing the patents-in-suit against Samsung.

### FIFTH AFFIRMATIVE DEFENSE

(Unenforceability – Prosecution Laches)

36. Renesas is barred in whole or in part from enforcing one, several, or all of the patents-in-suit by delay in prosecuting the patent applications resulting in the patents-in-suit.

### SIXTH AFFIRMATIVE DEFENSE

(Prosecution History Estoppel)

37. By reason of the prosecution before the United States Patent and Trademark Office ("USPTO") leading to the patents-in-suit and any applications or patents related to the patents-in-suit, Renesas is estopped from claiming infringement by Samsung of one or more claims of one, several, or all of the patents-in-suit.

### SEVENTH AFFIRMATIVE DEFENSE

(Unclean Hands)

38. On information and belief, the patents-in-suit are void and unenforceable by reason of the equitable doctrine of unclean hands.

### EIGHTH AFFIRMATIVE DEFENSE

(Patent Misuse)

39. On information and belief, Renesas is barred from asserting the patents-in-suit because of patent misuse. More specifically, based on its improper licensing and

patent prosecution practices, Renesas has unlawfully expanded the temporal and/or physical scope of the asserted patents with anticompetitive effect.

**PRAYER FOR RELIEF**

WHEREFORE, Samsung requests the following relief:

(a)  The Complaint be dismissed with prejudice;

(b)  That United States Patent No. 7,106,092 be declared invalid;

(c)  That United States Patent No. 7,091,620 be declared invalid;

(d)  That United States Patent No. 7,163,870 be declared invalid;

(e)  That United States Patent No. 7,187,039 be declared invalid;

(f)  That United States Patent No. 7,106,092 is not infringed by any of Samsung's activities or products;

(g)  That United States Patent No. 7,091,620 is not infringed by any of Samsung's activities or products;

(h)  That United States Patent No. 7,163,870 is not infringed by any of Samsung's activities or products;

(i)  That United States Patent No. 7,187,039 is not infringed by any of Samsung's activities or products;

(j)  That Renesas, its agents, employees, and assigns be permanently enjoined from asserting any charge of infringement of the '092, '620, '870 and '039 patents against Samsung, its agents, employees, successors, and assigns;

(k)  That this case be declared an exceptional case under 35 U.S.C. § 285 and that Samsung be awarded its attorney fees and costs in this action; and

(l)  That this Court award Samsung such other and further relief as may be deemed just and proper.

**JURY DEMAND**

Samsung demands a trial by jury on all issues so triable.

Dated: May 10, 2007              FISH & RICHARDSON P.C.

                                 By:   */s/ Timothy Devlin*
                                       Timothy Devlin (#4241)
                                       919 N. Market Street, Suite 1100
                                       P.O. Box 1114
                                       Wilmington, DE 19899
                                       (302) 652-5070 Telephone
                                       (302) 652-9696 Facsimile

                                 Of counsel:

                                 Michael J. McKeon
                                 Brian R. Nester (#3581)
                                 Richard A. Sterba
                                 Fish & Richardson P.C.
                                 1425 K Street NW, Suite 1100
                                 Washington, D.C. 20005
                                 (202) 783-5070 Telephone
                                 (202) 782-2331 Facsimile

                                 Attorneys for Defendants
                                 Samsung Electronics Co., Ltd.
                                 Samsung Electronics America, Inc.

# **CERTIFICATE OF SERVICE**

I hereby certify that on May 10, 2007, I electronically filed the above document with the Clerk of Court using CM/ECF which will send electronic notification of such filing(s) to the following Delaware counsel.

**VIA ECF AND HAND DELIVERY**

| | |
|---|---|
| Andre G. Bouchard | Attorneys for Plaintiff |
| John M. Seaman | Renesas Technology Corp. |
| Bouchard, Margules & Friedlander, P.A. | |
| 222 Delaware Avenue | |
| Suite 1400 | |
| Wilmington, DE 19801 | |

I hereby certify that on May 10, 2007, I have mailed by Federal Express, the document(s) to the following non-registered participants:

| | |
|---|---|
| Christopher E. Chalsen | Attorneys for Plaintiff |
| Michael M. Murray | Renesas Technology Corp. |
| James R. Klaiber | |
| Milbank Tweed Hadley & McCloy | |
| 1 Chase Manhattan Plaza | |
| New York, NY 10005-1413 | |

*/s/ Timothy Devlin*
Timothy Devlin

80044811.doc