IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

RENESAS TECHNOLOGY CORP.,

Plaintiff,

v.

SAMSUNG ELECTRONICS CO., LTD. and SAMSUNG ELECTRONICS AMERICA, INC.,

Defendants.

C.A. No. 07-54-JJF

**DEFENDANTS SAMSUNG ELECTRONICS CO., LTD. AND SAMSUNG ELECTRONICS AMERICA, INC. REPLY BRIEF IN SUPPORT OF THEIR MOTION TO CONSOLIDATE AND STAY**

Dated: June 20, 2007

FISH & RICHARDSON P.C.
Timothy Devlin (#4241)
919 N. Market Street, Suite 1100
P.O. Box 1114
Wilmington, DE 19899-1114
Telephone: (302) 652-5070
Email: tdevlin@fr.com

Michael J. McKeon
Brian R. Nester (#3581)
Richard A. Sterba
Fish & Richardson P.C.
1425 K Street, N.W., 11th Floor
Washington, DC 20005-2500
Telephone: (202) 783-5070

Attorneys for Defendants
SAMSUNG ELECTRONICS CO., LTD. and
SAMSUNG ELECTRONICS AMERICA,
INC.

# TABLE OF CONTENTS

**Page**


I. REPLY ARGUMENT ....... 1

A. Consolidation of This Action and 07-53-JJF is Appropriate ....... 1

1. The Precedent Relied Upon by Renesas is Either Distinguishable or Actually Supports Consolidation ....... 3

2. Potential Double-Recovery Remains a Serious Risk Absent Consolidation ....... 5

B. If This Action Is Not Consolidated, This Action Should Be Stayed Along with the First Delaware Action ....... 6

1. Issues of Timing and Resource Savings Support Staying This Action ....... 6

2. Renesas' Responsive Arguments Miss the Point ....... 8

3. Renesas Would Not Be Prejudiced If This Action Were Stayed ....... 9

II. CONCLUSION ....... 10

# TABLE OF AUTHORITIES

**Page(s)**

*3M Co. v. Moldex-Metrix, Inc.*,
2006 WL 3759758 (D. Minn. Dec. 21, 2006)....................2, 5

*Agfa Corp. v. Creo Products Inc.*,
451 F.3d 1366 (Fed. Cir. 2006)....................2

*Alloc, Inc. v. Unilin Decor N.V.*,
2003 WL 21640372 (D. Del. July 11, 2003)....................2, 5

*Bowers v. Baystate*,
320 F.3d 1317 (Fed. Cir. 2003)....................6

*Catalina Lighting, Inc. v. Lamps Plus, Inc.*,
295 F.3d 1277 (Fed. Cir. 2002)....................5

*Cedars-Sinai Medical Center v. Revlon, Inc.*,
111 F.R.D. 24 (D. Del. 1986)....................4

*Flexsys Americas, LP v. Kumho Tire U.S.A., Inc.*,
2005 WL 1126750 (N.D. Ohio Apr. 29, 2005)....................2, 5, 9, 10

*Furminator, Inc. v. Ontel Products Corp.*,
2006 U.S. Dist. LEXIS 67812 (E.D. Mo. Dec. 28, 2006)....................8

*Metallgesellschaft AG v. Foster Wheeler Energy Corp.*,
143 F.R.D. 553 (D. Del. 1992)....................3, 4

*Micron Tech., Inc. v. Mosel Vitelic Corp.*,
1999 WL 458168 (D. Idaho Mar. 31, 1999)....................4

*Organon Teknika Corp. v. Hoggmann La Roche, Inc.*,
1997 U.S. Dist. LEXIS 3798 (M.D.N.C. Feb. 1997)....................8

*Sighting System Instruments, LLC v. Prestige Law Enforcement, Inc.*,
2006 U.S. Dist. LEXIS 64698 (N.D. Tex. Sept. 11, 2006)....................6

*Syngenta Seeds, Inc. v. Monsanto Co.*,
2004 WL 2002208 (D. Del. Aug. 27, 2004)....................3

*Zoetics, Inc. v. Yahoo!, Inc.*,
2006 U.S. Dist. LEXIS 46910 (D. Del. July 6, 2006) ..................................8, 9

**STATUTES**

28 U.S.C. § 1659(a) ..........................................................................................8

Defendants Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc. (collectively, "Samsung") submit this brief in support of their Motion to Consolidate and Stay, filed June 13, 2007 (D.I. 24) and in reply to Plaintiff Renesas Technology Corp.'s ("Renesas") answering brief in opposition (D.I. 27). Renesas' answering brief fails to counter the weight of authority, overwhelming efficiency gains, and elimination of risk of error resulting from a consolidation and stay of Renesas' action here, actions that have overlapping parties, technology, accused products, and patents (including one that shares the identical specification and substantially the same claims). Samsung's motion should be granted.

## I. REPLY ARGUMENT

### A. Consolidation of This Action and 07-53-JJF is Appropriate

As set forth in Samsung's Opening Brief, consolidation of the first Delaware action (07-53-JJF) and this action is appropriate based on the substantial overlap between the actions. The parties, the types of claims (and likely defenses) and the products are the same, and several patents at issue share the same prior art and prosecution histories. Indeed, contrary to Renesas' assertions, the very same products named in this action also are at issue in the ITC case—Samsung's "512 Mb DDR2" and "1 Gb DDR2" products. It is indisputable that the experts and witnesses providing information about these accused products and their manufacture, and damages, will be the same in both this and the 07-53-JJF proceedings.

Besides overlapping products, this action and the first Delaware action have related patents at issue—the '092 patent and the '128 patent. The '092 patent is, on its face, the parent of the '128 patent, and the patents share substantially the same specifications and many overlapping claim terms. There is no question that the prosecution history of the '092 patent is relevant and part of the prosecution history of the '128 patent. The ITC may even find the '128 unenforceable as a result of inequitable

conduct during prosecution of the '092 patent, which would be relevant to this case. *See, e.g., Agfa Corp. v. Creo Prods. Inc.*, 451 F.3d 1366, 1379 (Fed. Cir. 2006).

Nevertheless, Renesas contends that the relatedness of the '092 and '128 patents is "irrelevant." That assertion is contrary to the clear facts and the weight of precedent consolidating cases based on patents having the very same relationship as these two patents. (D.I. 27 at 10.) The relationship between the patents, for example, was expressly relied on by several courts when deciding motions like this:

- *Alloc, Inc. v. Unilin Decor N.V.*, 2003 WL 21640372, at *2 (D. Del. July 11, 2003) (emphasis added):

> ***[T]he plaintiffs cannot credibly argue that the patents are not alike in subject matter, as well as in many of their claims.*** This is so because, in general, "a continuing application is one filed during the pendency of another application which contains at least part of the disclosure of the other application and names at least one inventor in common with that application."

- *Flexsys Americas, LP v. Kumho Tire U.S.A., Inc.*, 2005 WL 1126750, at *3 (N.D. Ohio Apr. 29, 2005) (emphasis added):

> ***[Defendants] are entitled to a stay of the proceedings with regard to the '541 Patent. The '541 Patent is part of a series of continuation patents***, which includes both the '063 Patent and the '111 Patent . . . . [M]any of the claims contained in the '541 Patent that will require construction in this case are present in the either the '063 or '111 patent. As part of its investigation, the ITC will make rulings concerning claims construction, invalidity and relevant prior art. . . . It is more than likely that after the ITC ruling, the parties in this case will have fewer issues for this Court to resolve.

- *3M Co. v. Moldex-Metrix, Inc.*, 2006 WL 3759758, at *2 (D. Minn. Dec. 21, 2006): "find[ing] that ***there would be overlap in the claim construction analysis*** as it relates to the Japuntich '868 patent [which is a continuation of the Japuntich '463 patent] in the 2006 Action and the Japuntich '248 and '463 patents in the 2003 Action."

In any event, the precedent relied upon by Renesas either supports Samsung's position or is factually different from this case.

**1. The Precedent Relied Upon by Renesas is Either Distinguishable or Actually Supports Consolidation**

Under scrutiny, Renesas cases are unhelpful to Renesas. For example, Renesas cites to *Syngenta Seeds, Inc. v. Monsanto Co.*, 2004 WL 2002208 (D. Del. Aug. 27, 2004) in opposing consolidation. But the facts and holding of that case are clearly distinguishable. Syngenta filed two infringement suits asserting different patents against Monsanto. The second suit was filed (1) almost two years after filing the first suit, (2) near the close of discovery in the first suit, and (3) within a little more than six months of the date a jury trial was to begin for the first case. *Id.* at *1. The court denied consolidation after considering the "already ripe" first case and the undue delay that would be caused if the two cases were consolidated. *Id.* at *1-*2.

The *Syngenta* facts bear no relationship to those here. Unlike *Syngenta*, Renesas filed both Delaware actions on the same day. One case is already stayed, and discovery has not begun in the other. While the parties agreed to serve discovery requests in the second Delaware action, all responses were deferred by agreement until at least one month after the Court hears argument on this motion. Of course neither case is ripe for trial. Indeed, there is not even a schedule in place in either case. Reliance on *Syngenta* is misplaced.

Renesas also refers the Court to *Metallgesellschaft AG v. Foster Wheeler Energy Corp.*, 143 F.R.D. 553 (D. Del. 1992), the facts of which are likewise distinguishable. In that case, Metallgesellschaft filed suit against seven defendants, and when answering the complaint, Foster Wheeler filed a counterclaim alleging patent infringement of six new patents against six counterdefendants. *See id.* at 554. Metallgesellschaft sought to have Foster Wheeler's counterclaim dismissed because the original claim and the counterclaim involved entirely different patents, parties and products. Its motion to dismiss the counterclaim was granted for those reasons. *Id.* at 559.

At the same time, Foster Wheeler had filed a separate lawsuit against the same companies that were counterdefendants in the *Metallgesellschaft* action, and later moved to consolidate the two cases. *See id.* at 556. The court denied a motion to consolidate, which makes sense given that those same counterclaims were dismissed from the initial action. The court never reached the issue, however, whether the counterclaims and second lawsuit should be consolidated in a separate action.

Unlike *Metallgesellschaft*, Renesas is the plaintiff in both Delaware actions here. The products Renesas accuses of infringement in this action are also accused of infringement in the first action. *Metallgesellschaft* simply does not address the issue of whether cases such as these before the Court should be consolidated.

Indeed, several cases cited by Renesas support consolidation here. In *Micron Tech., Inc. v. Mosel Vitelic Corp.*, 1999 WL 458168 (D. Idaho Mar. 31, 1999) a court ***granted*** consolidation on facts similar to those here. *See Micron*, 1999 WL 458168, at *1. Specifically, Micron filed three lawsuits against Mosel—two in the same district court and one in the International Trade Commission. *Id.* One district court case asserted infringement of six circuitry patents and the other district court case asserted infringement of five process patents for making the circuitry; the ITC case asserted infringement based on four of the five process patents. *Id.* The two district court cases were consolidated to "serve the interest of judicial economy," and a court held that "any prejudice, expense or delay that might occur thereby is substantially outweighed by the benefits to be obtained by trying the cases as one action." *Id.*

Similarly, in *Cedars-Sinai Med. Center v. Revlon, Inc.*, 111 F.R.D. 24 (D. Del. 1986), another case also cited in Renesas' Answering Brief, a court also granted consolidation of two cases where discovery was not far advanced. *Id.* at 34. Again, the same factors are applicable here. Given the early stages of both actions, consolidation is appropriate.

Renesas fares no better in its attempts to distinguish cases cited by Samsung. For example, Renesas' tries to differentiate *3M Co. v. Moldex-Metrix, Inc.*, 2006 WL 3759758 (D. Minn. Dec. 21, 2006), by arguing discovery has not begun in this case and consequently "consolidation would not provide any savings of time and effort." (D.I. 27 at 3-4.) Contrary to these arguments, the facts of *3M* are virtually identical to the facts here and support consolidation. Like the present case, *3M* involved two suits on related patents, one case including the parent patent and the other case including the continuation of the parent patent. *See id.* at *1-*2. The *3M* court relied on this type of relationship between patents when granting a motion to consolidate. *Id.* The same is true for other cases cited in Samsung's opening brief. *Alloc v. Unilin Décor*, 2003 WL 21640372 at *2; *Flexsys Americas v. Kumho Tire U.S.A.*, 2005 WL 1126750 at *3. As set forth in Samsung's Opening Brief, each of these cases is directly on point and supports consolidation here.

**2. Potential Double-Recovery Remains a Serious Risk Absent Consolidation**

Renesas seeks to downplay the problem of double recovery (D.I. 27 at 5-6), but there is no doubt that two separate patent cases on the same products raise a risk that double-recovery could be awarded (although, as already noted, we believe that no liability will be found in the first instance). Renesas attempts to distinguish *Catalina Lighting, Inc. v. Lamps Plus, Inc.*, 295 F. 3d 1277, 1289-92 (Fed. Cir. 2002), on the basis that *Catalina Lighting* involves a design patent and a utility patent, but this "distinction" is meaningless. Surely the rationale behind *Catalina Lighting* is applicable to Samsung's motion: when a plaintiff files two separate cases against a defendant, alleging infringement of two patents by the same product, the plaintiff is not permitted to recover lost profit damages twice. *See id.*

The *Catalina Lighting* analysis applies equally regardless of whether any of the patents is a design patent or utility patent. Having two separate cases here, on two

separate tracks for discovery and trial, would require attention to this issue, and could create jury confusion and errors in any damages calculation. While Samsung believes that any finding of damages would be erroneous, consolidation of the cases would obviate any potential issues.

Even Renesas' own cited case (to the extent it is relevant) demonstrates that the issue of double-recovery is easier to address in cases that are consolidated. *See Bowers v. Baystate Techs, Inc.*, 320 F.3d 1317 (Fed. Cir. 2003). In *Bowers*, the plaintiff sought damages based on breach of contract and copyright infringement, and the damages for both arose from the same act of copying. *Id.* at 1328. Given the overlap, the copyright damages were omitted from the final damage award to avoid duplicity, *e.g.*, to prevent double recovery. *Id.* This outcome is straightforward in consolidated actions, but could require additional motion practice or other expense in two separate lawsuits.

In short, as with other issues, the threat of potential double recovery and the difficulty of resolving any such issues supports consolidation here.

**B. If This Action Is Not Consolidated, This Action Should Be Stayed Along with the First Delaware Action**

In its Answering Brief, Renesas makes much ado about the timing of Samsung's motion to stay and the costs involved in staying this action, even though the timing and costs involved in staying this action ***favor*** granting a stay. Renesas also continues to cite irrelevant cases or cases that support Samsung's position, and unsuccessfully distinguishes cases cited by Samsung.

**1. Issues of Timing and Resource Savings Support Staying This Action**

Renesas believes that the early stage of this case does not support a stay, even though the best time to grant a stay is now. *See Sighting Sys. Instruments, LLC v. Prestige Law Enforcement, Inc.*, 2006 U.S. Dist. LEXIS 64698 at *12 (N.D. Tex. Sept. 11, 2006) ("[T]he lower cost [of granting a stay] simply indicates the best time to grant a stay is in the early stages of litigation.").

Further, when arguing that Samsung is capable of litigating on many fronts at the same time, Renesas tries to confuse the issue by referring to Samsung's actions against Renesas. (D.I. 27 at 8.) Capability is not at issue here. Judicial economy is. The purpose of Samsung's motion is to not needlessly waste the Court's time and resources, as well as the parties'. Samsung's ITC litigation is irrelevant to these issues. Indeed, the only relevance of those proceedings is that Renesas itself has moved to stay Samsung's companion Delaware action, and Samsung will not oppose that motion. (*See* 07-251 (SLR), D.I. 6). Thus the Court's and the parties' resources will be preserved.

Renesas suggests that Samsung has agreed to move forward with this case because "this Court has ordered a trial no later than September 2008, and the parties have agreed to a schedule designed to provide for completion of discovery (which has already begun), in accordance with this order. (D.I. 15 at 1; D.I. 21 at 1-5)." (D.I. 27 at 12). This argument misrepresents the facts. The Court ordered the parties to submit a proposed schedule that allowed for trial to occur no later than September 2008. (D.I. 15 at 1.) Although Samsung complied with that Order when submitting the proposed schedule, Samsung expressly noted its position that the case should be stayed, and regardless, that substantial discovery should be deferred until after June 2, 2008, which means trial would be beyond September 2008. (D.I. 22 at 2-3.)

Indeed, Samsung filed its own Rule 16 Scheduling Statement that not only included a copy of its May 3, 2007 Brief in Support of its Motion to Consolidate and Stay, but also specifically declared:

> Given the numbers of patents in this case, the complexity of the technology, and its overlap with the ITC action, Samsung believes that even absent a stay, the Court should set a trial schedule that allows substantial discovery after conclusion of the ITC action.

(D.I. 22 at 2-3.) Under these circumstances, it is not credible for Renesas to imply that Samsung has agreed to proceed with this case.

As for discovery, Renesas and Samsung agreed that although discovery may be served in this case, the responses to any discovery served are not due until August 13, 2007, so that the Court has time to rule on Samsung's motion to consolidate and stay. (Devlin Decl., Ex. 10.)[1] If the Court grants this Motion before August 13, 2007, as Samsung respectfully requests, the parties will have saved the expense of preparing responses to the discovery requests.

**2. Renesas' Responsive Arguments Miss the Point**

Renesas cites precedent that is readily distinguishable from the facts here. First, Samsung's motion is based on the Court's inherent power to grant a stay and the significant overlap between these cases. Renesas, however, refers the Court to the mandatory stay requirement set forth in 28 U.S.C. § 1659(a). (D.I. 27 at 1, 5, 8.) Section 1659(a) has nothing to do with Samsung's motion.

Renesas' cited cases are likewise off point. None of the following cases involves the facts presented here: a plaintiff bringing three separate actions against the same defendants on related patents; accusing overlapping products; and requiring overlapping discovery, *Markman* proceedings, summary judgment proceedings and trial presentation. Instead they involve readily distinguishable facts:

- *Organon Teknika Corp. v. Hoggmann La Roche, Inc.*, 1997 U.S. Dist. LEXIS 3798, at *8 (M.D.N.C. Feb. 1997), had little overlap between the two cases. *Id.* at *8 ("Defendants have not shown enough evidence of a substantial overlap nor how the outcome of the ITC claim will have an effect on this case.").
- *Furminator, Inc. v. Ontel Prods. Corp.*, 2006 U.S. Dist. LEXIS 67812 (E.D. Mo. Dec. 28, 2006) pertains to a motion to consolidate cases involving ***different defendants*** and ***different accused products***, *id.* at *2, *8 (ruling the differences in accused devices was a "key factual distinction").

[1] Exhibits cited in this brief are attached to the co-filed Declaration of Timothy Devlin In Support of their Motion to Consolidate and Stay.

- *Zoetics, Inc. v. Yahoo!, Inc.*, 2006 U.S. Dist. LEXIS 46910 (D. Del. July 6, 2006), involved a non-parallel bankruptcy proceeding in which granting a stay would have prevented the party in bankruptcy from completing its reorganization plan in a timely fashion. *Id.* at *5-*6.

In contrast to these cases, the evidence here substantially overlaps with the first Delaware action and ITC investigation—the products are the same, the operative facts are the same, and the damages analyses for the identical products are likely the same. Renesas' cases bear no relationship to the issues here, and Samsung's motion should be granted.

**3. Renesas Would Not Be Prejudiced If This Action Were Stayed**

Renesas attempts to distinguish *Flexsys Americas, LP v. Kumho Tire U.S.A., Inc.*, 2005 WL 1126750 (N.D. Ohio Apr. 29, 2005) and *Alloc*, but it is clear that these cases are squarely on point. Renesas compares, for example, the number of patents involved in those cases and the number of patents asserted in this case (D.I. 27 at 8-9), but this "distinction" has nothing to do with the rationale on which *Flexsys* and *Alloc* were decided.

Contrary to Renesas' arguments, the cases in *Flexsys* and *Alloc* were stayed for the very reasons that support a stay here. Much of the discovery and facts regarding the accused products overlap in the ITC and Delaware. Further, the ITC's claim construction for the '128 patent, the child of the '092 patent, may be helpful to this Court, and issues in this case may be more limited after the ITC investigation. The parties have not incurred substantial litigation-related expenses for this case, and neither a discovery schedule nor a trial date has been set. Renesas would not suffer any purported prejudice by staying this action.

Regarding the issue of prejudice, Renesas even selectively quotes from *Flexsys*, (D.I. 27 at 8), omitting text pertaining to the absence of any prejudice caused by granting a stay. For the Court's convenience, the complete text is reproduced below:

> Plaintiff indicates in its brief in opposition that it will be it will be harmed by a stay of this action because the damages portion of the trial will be delayed while defendants continue to infringe the patents and because "delay always results in increased costs." The Court is not convinced of the gravity of plaintiff's alleged prejudice. ***On the other hand, the Court finds that requiring defendants to litigate both this case and the ITC action at the same time will result in prejudice.*** As set forth above, the majority of this case against these defendants is subject to a statutory stay. In the event this Court were to allow the case to proceed only with respect to the '541 Patent, this case would essentially be relitigated after the lifting of the mandatory stay. Much of the discovery related to this patent will overlap with that required to litigate the other patents at issue. Thus, two rounds of discovery would ensue absent a stay.

*Id.* (footnote omitted) (emphasis added).

Renesas has not set forth any reasons why this case should not be stayed, either alone or in consolidation with the first Delaware action. Accordingly, Samsung's motion should be granted.

## II. CONCLUSION

For the reasons set forth above, the Court should grant Defendants' Motion to Consolidate and Stay.

Dated: June 20, 2007

FISH & RICHARDSON P.C.

By: */s/ Timothy Devlin*

Timothy Devlin (#4241)
919 N. Market Street, Suite 1100
P.O. Box 1114
Wilmington, DE 19899-1114
Telephone: (302) 652-5070
Email: tdevlin@fr.com

Michael J. McKeon
Brian R. Nester (#3581)
Richard A. Sterba
1425 K Street, N.W., 11th Floor
Washington, DC 20005-2500
Telephone: (202) 783-5070

*Attorneys for Defendants*
*Samsung Electronics Co., Ltd. And*
*Samsung Electronics America, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on June 20, 2007, I electronically filed the above document with the Clerk of Court using CM/ECF which will send electronic notification of such filing(s) to the following Delaware counsel. In addition, the filing will also be sent via hand delivery:

    Andre G. Bouchard
    John M. Seaman
    BOUCHARD MARGULES &
    FRIEDLANDER, P.A.
    222 Delaware Ave., Suite 1400
    Wilmington, DE 19801

I hereby certify that on June 20, 2007, I have mailed by Federal Express, the document(s) to the following non-registered participants:

    Christopher E. Chalsen
    Michael M. Murray
    James R. Klaiber
    MILBANK, TWEED, HADLEY & MCCLOY, LLP
    1 Chase Manhattan Plaza
    New York, NY 10005

                                                              */s/ Timothy Devlin*
                                                              Timothy Devlin

80046009